Delbert W. HARRISON *v.* STATE of Arkansas

CR 85-99                                     696 S.W.2d 501

Supreme Court of Arkansas
Opinion delivered October 7, 1985

*Junius Bracy Cross, Jr.*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

DARRELL HICKMAN, Justice. Delbert Harrison was convicted of theft of property and the burglary of a Little Rock service station. He was sentenced to twenty years on each count, to be served consecutively. We find no merit in either point raised on appeal.

The police responded to a burglary-in-progress call at a Citgo Service Station on Roosevelt Road. On arrival they saw a person inside the station and a car speeding away. The car was found within minutes at Delbert Harrison's house. Property taken from the station was subsequently found in the car and in the yard. The car was discovered to belong to Randy Manning, the person seen inside the station. He was arrested at the scene; Delbert Harrison and Robert Strawn were arrested at Harrison's house. In a statement given that night, Harrison said that he had dropped Strawn and Manning off at the service station. He said he went back later and sat in the car while Strawn put engine heads, oil, and other property in the car. He admitted giving

Strawn the keys to the trunk where more property was loaded. He contended in the statement that he never realized what was going on but that he panicked when he saw the police and drove away. The jury chose to disbelieve the appellant's version of the facts, finding Harrison guilty.

■ Harrison argues that the trial court erred in refusing to dismiss the information which charged him as a principal rather than as an accessory. That argument was rejected in *Parker* v. *State*, 265 Ark. 315, 578 S.W.2d 206 (1979). Harrison contends that the evidence could not place him in any role other than accessory. Harrison was present when property was being removed from the station and put into the car. The jury was properly instructed of the legal distinction between a principal and an accomplice; it was told that the state contended that Harrison did not act alone and that a person is criminally responsible for the conduct of another when he is an accomplice. The jury was further instructed that an accomplice is one who participates in the commission of an offense or who aids, agrees to aid, or attempts to aid in planning or committing the offense. See AMI Criminal, 401. It was a question of fact as to whether Harrison had the intent necessary to support the conviction. Obviously, the jury believed he had the requisite intent.

■■ Harrison also argues that it was error to allow the state to amend the information three days before trial to allege three prior felony convictions. Harrison admits that we have allowed amendments to informations to allege prior convictions even after the trial has begun where there is no prejudice and no surprise. *Finch* v. *State*, 262 Ark. 313, 556 S.W.2d 434 (1977). Such amendments do not change the nature or degree of the crime charged but simply afford evidence to increase the punishment. *Lincoln* v. *State*, 287 Ark. 16, 696 S.W.2d 316 (1985). Harrison made no motion for a continuance, made no specific objection to any of the evidence of the prior convictions, made no motion for a new trial, nor any proffer of what he might have been able to show had the amendment been made earlier. Since he has demonstrated no prejudice, we find none.

Affirmed.

PURTLE, J., not participating.