Anthony F. MANN, Eldon Ray COBB, Joseph M. MINER, Ronald Dale HARDEN, and Doyle JONES
*v.* STATE of Arkansas

CR 86-77                                            722 S.W.2d 266

Supreme Court of Arkansas
Opinion delivered January 12, 1987

*John Wm. Murphy* and *Thomas E. Brown*, for appellant.

*Steve Clark*, Att'y Gen., by: *Mary Beth Sudduth*, Asst. Att'y Gen., for appellee.

DARRELL HICKMAN, Justice. The appellants, Anthony F. Mann, Eldon Ray Cobb, Joseph M. Miner, Ronald Dale Harden, and Doyle Jones, all inmates of Tucker Maximum Security Unit of the Arkansas Department of Correction, were charged by a felony information with second degree battery. The information alleged that the appellants struck George Staffney, a prison guard, in the face and chest, kicked him in the back, and stomped his arm during an incident which occurred one night at the prison. They were found guilty and sentenced as habitual offenders. Mann received a ten year sentence; Cobb received an eight year

sentence; Miner and Harden received six year sentences; and Jones received a 12 year sentence.

The appellants raise seven points for reversal: (1) the second degree battery statutory provision, Ark. Stat. Ann. § 41-1602 (1) (d) (iv) (Supp. 1985), is vague and therefore unconstitutional; (2) the sentence imposed upon each appellant is cruel and unusual punishment; (3) the trial court did not allow counsel an adequate opportunity to investigate previous convictions; (4) the in-court identification of the appellants was based upon a tainted out-of-court identification; (5) Harden's and Miner's sentences should be reduced because their prior felony conviction records only showed one previous conviction indicating representation by counsel; (6) the trial court erred in denying the appellants' motion for a continuance; and (7) there was insufficient evidence to convict the appellants.

We will not consider the first five arguments raised by the appellants, because they were not raised at trial. *Stone* v. *State*, 290 Ark. 204, 718 S.W.2d 102 (1986). The remaining two arguments are without merit, and we affirm the trial court's ruling.

At approximately 10 p.m. on November 18, 1984, George Staffney was attacked by several inmates while patrolling the maximum security unit. This was the second attack on Staffney that evening. Certain inmates began lining up against a wall and whispering to each other while on a break. Staffney went to investigate and told another guard, David Price, to stay behind in case there was trouble. While trying to break up the group, Staffney was attacked, hit in the face with a fist and his night stick, kicked, and his arms stomped. He blacked out for a short period of time. Other officers responded to break up the attack. Later that evening, Staffney positively identified the five appellants as those who attacked him, and he testified as to what each appellant had specifically done to him that night. He also identified the appellants the day after the attack and later at a photo line-up.

Four days before trial, the state filed an amended information, alleging the appellants were habitual offenders, stating that it forgot to assert this statute in the original information. The appellants asked for a continuance, but it was denied. On appeal

they concede they were not surprised but argue the denial of the continuance was prejudicial. The record indicates that the state gave the appellants' counsel its file which contained a "rap sheet" showing the prior convictions of each appellant.

The denial of a motion for a continuance is within the sound discretion of the trial court, and the trial court's ruling will be reversed only if there is an abuse of discretion. *Stone* v. *State, supra; Clay* v. *State*, 290 Ark. 54, 716 S.W.2d 751 (1986). The burden is on the appellants to show there has been an abuse of discretion. *Berry* v. *State*, 278 Ark. 578, 647 S.W.2d 453 (1983). The appellants must also make a showing of prejudice before we will consider the trial court's denial of a continuance as an abuse of discretion which requires reversal. *Finch* v. *State*, 262 Ark. 313, 556 S.W.2d 434 (1977). Here, the appellants' counsel had knowledge of prior convictions and were not surprised when the amended information was filed. The amended information did not change either the nature or the degree of the crime. *Harrison* v. *State*, 287 Ark. 102, 696 S.W.2d 501 (1985); *Finch* v. *State, supra*. Appellants have demonstrated no prejudice and we find no abuse of discretion.

The appellants also argue there was insufficient evidence to convict them. The test for determining the sufficiency of the evidence is whether there is substantial evidence to support the verdict. Substantial evidence must be forceful enough to compel a conclusion beyond suspicion or conjecture, and on review it is only necessary to view the evidence which is most favorable to the appellee. *Griswold* v. *State*, 290 Ark. 79, 716 S.W.2d 767 (1986); *Dix* v. *State*, 290 Ark. 28, 715 S.W.2d 879 (1986); *Williams* v. *State*, 281 Ark. 387, 663 S.W.2d 928 (1984).

Staffney positively identified the appellants as his attackers and specifically described the facts surrounding the attack and the injuries he suffered. Other witnesses corroborated his testimony. On the other hand, the appellants denied their involvement. There was some confusion in the out-of-court identification process, but appellants did not object at trial to the admission of the identification evidence. Therefore, we have a case of disputed facts. We do not attempt to weigh the evidence or pass on the credibility of witnesses where testimony conflicts—that is left to the trier of fact. *Williams* v. *State*, 289 Ark.

69, 709 S.W.2d 80 (1986); *Carrier v. State*, 278 Ark. 542, 647 S.W.2d 449 (1983). The evidence here was sufficient to support the verdict.

Affirmed.