Kenneth TRAYLOR *v.* STATE of Arkansas

CR 90-119                    801 S.W.2d 267

Supreme Court of Arkansas
Opinion delivered December 17, 1990

*Joe K. Hardin,* for appellant.

*Steve Clark,* Att'y Gen., by: *Sandra Bailey Moll,* Asst. Att'y Gen., for appellee.

DALE PRICE, Justice. Kenneth Traylor, appellant, was convicted of breaking or entering, theft of property and of being a felon in possession of a firearm. He was sentenced to a fine of $20,000 and a term of 60 years in the Arkansas Department of Correction. On appeal, appellant argues four points for reversal. We affirm.

John Matlock testified his barn was broken into between

October 2 and October 6, 1989, and several items were stolen. The items introduced at trial as stolen from his barn were an air compressor, a mitre saw, a chainsaw and a .410 gauge shotgun. The state crime lab determined that the shackle of the lock on Matlock's barn had been cut by bolt cutters found in the vehicle that appellant was driving when stopped by a sheriff's deputy on October 13, 1989.

Katherine Shelton, who runs Mattie's Cafe in Sparkman, testified at trial that appellant came to her cafe in October, 1989, and offered to sell her the items allegedly taken from Matlock's barn. Shelton bought the shotgun and loaned money to John Oliver to buy the saws and the compressor.

Appellant had previously been convicted of aggravated robbery and two counts of burglary and theft. Ark. Code Ann. § 5-4-501(1987) provides for enhancement of penalties when a person is convicted of a felony if that person has previously been convicted of a felony. Under Ark. Code Ann. § 5-73-103 (1987), it is a separate offense for a person who has previously committed a felony to be in possession of a firearm.

Appellant argues that the state cannot use his prior felony convictions to convict him of felon in possession of a firearm and then use the same prior felony convictions to enhance the penalty for that conviction.

Ark. Code Ann. § 5-4-501 through § 5-4-505 (1987), the habitual offender statute, does not create a distinct additional offense or independent crime but simply affords evidence to increase the punishment and to furnish a guide for the court or jury in fixing the final punishment in event of conviction of the offense charged. *Finch* v. *State*, 262 Ark. 313, 556 S.W.2d 434 (1977).

Although appellant does not explicitly state it, it would appear he is making an argument that his right to be free from double jeopardy is being violated. Appellant was not convicted of two offenses which share the same elements, and thus he was not twice put in jeopardy for the same offense. Accordingly, we find that the trial court did not err in denying appellant's motion to prohibit enhanced penalties for his felon in possession of a firearm conviction under Ark. Code Ann. § 5-4-501 (1987).

Next, appellant contends that he was prejudiced and received an unfair trial because the state was allowed to amend the information on the day of the trial charging him under the habitual offender statute, Ark. Code Ann. § 5-4-501 (1987). Appellant contends that since he did not fully know the charges against him until the day of the trial, his constitutional rights were violated.

The record of the lower court's proceedings shows that appellant was put on notice that the state intended to make an amendment to the information to enhance appellant's punishment through the habitual offender statute, and that appellant was not surprised when the trial court allowed the information to be amended so as to allow for enhancement of his punishment upon conviction.

Further, appellant stated in a motion filed one day before the trial that he was aware that the state intended to try appellant as a habitual offender. In *Mann* v. *State*, 291 Ark. 4, 722 S.W.2d 266 (1987), the state filed an amended information four days before trial to show that the defendants were habitual offenders. The court ruled that since the defendants' attorneys had been given a "rap sheet" showing that the defendants were habitual offenders, there was no surprise when the information was amended.

The amended information did not change the nature or degree of the crime, but simply afforded evidence to increase the punishment. *Harrison* v. *State*, 287 Ark. 102, 696 S.W.2d 501 (1985); *Lincoln* v. *State*, 287 Ark. 16, 696 S.W.2d 316 (1985). Also, appellant did not ask for a continuance and did not demonstrate prejudice. We hold the trial court did not err in allowing the state to amend its information, charging appellant as a habitual criminal, on the day of trial.

As to the circumstantial evidence the state offered at trial, the bolt cutters, appellant contends this was not sufficient evidence to prove he committed the offense of breaking or entering. He argues that there are other possible defendants for the offenses he has been convicted of since there were other people present when the stolen items were sold.

In determining the sufficiency of the evidence upon appeal, this court considers the testimony that tends to support the

verdict and views the testimony in the light most favorable to the appellee. We will affirm the trial court if there is any substantial evidence to support the verdict. *Williams* v. *State*, 289 Ark. 69, 709 S.W.2d 80 (1986).

Substantial evidence is evidence that is of sufficient force and character that will, with reasonable and material certainty and precision, compel a conclusion one way or the other, forcing or inducing the mind to pass beyond a suspicion or conjecture. *Holloway* v. *State*, 293 Ark. 438, 738 S.W.2d 796 (1987); *Williams* v. *State*, 289 Ark. 443, 711 S.W.2d 825 (1986).

For circumstantial evidence to be sufficient, it must exclude every reasonable hypothesis consistent with innocence. *Cooper* v. *State*, 275 Ark. 207, 628 S.W.2d 324 (1982). It is for the jury to determine if the evidence excludes every other reasonable hypothesis. *Upton* v. *State*, 257 Ark. 424, 516 S.W.2d 904 (1974).

A firearms and tool marks examiner from the state crime lab testified that the bolt cutters found in the vehicle appellant was driving on October 13, 1989, were the same bolt cutters used to cut the lock on the barn where the stolen items were taken. Mattie Shelton testified that appellant came to her cafe the same month of the alleged breaking or entering and theft of property and sold the very items that were stolen from Matlock's barn. Applying the evidence in the record to Ark. Code Ann. § 5-39-202(a) (1987), which defines the offense of breaking or entering, and to Ark. Code Ann. § 5-36-103(a)(1) (1987), which defines the offense of theft of property, it would appear that there is substantial evidence to find that appellant committed the offense of breaking or entering for the purpose of committing theft of property. Appellant had in his possession the bolt cutters that were directly linked to the breaking or entering offense, and when appellant sold the four items in question to persons in Mattie's Cafe, he had knowingly exercised unauthorized control over the four stolen items which were the property of another person, the owner, Matlock, with the purpose of depriving the owner of his property.

Clearly, there is substantial evidence to support the jury verdict as is required in *Jones* v. *State*, 269 Ark. 121, 598 S.W.2d 748 (1980).

With respect to the final argument raised by appellant, he contends that he was not allowed to testify before the jury during the sentencing phase of the trial and so he could not controvert and explain the nature of his prior convictions. Ark. Code Ann. § 5-4-502(2) (1987) lists the sentencing procedures for habitual offenders and states that the defendant, if found guilty of a felony, shall have the right to hear and controvert evidence of any previous felony conviction and offer evidence in his support outside the hearing of the jury.

Appellant testified outside the hearing of the jury concerning his previous convictions and presented evidence that his prior convictions were the result of involuntary guilty pleas. The purpose of that procedure was to enable the court to determine the number of prior convictions the jury might consider in the sentencing phase. The statute does not provide that the hearing be held before the jury. It provides exactly the opposite.

There was no error and we, therefore, affirm.