Donna CRUMP v.
The Honorable Gayle K. FORD, *Judge*

CR 01-924                                          55 S.W.3d 295

Supreme Court of Arkansas
Opinion delivered September 27, 2001

*Orvin W. Foster*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Clayton K. Hodges*, Ass't Att'y Gen., for appellee.

PER CURIAM. Petitioner Donna Crump seeks a writ of prohibition directed to the Honorable Gayle K. Ford of the Polk County Circuit Court to prevent a trial on a charge of driving while intoxicated ("DWI") because of a speedy-trial violation.[1] This court previously granted Crump's motion to stay the circuit court proceedings, and we now grant her petition for a writ of prohibition.

The record reflects that Crump was convicted in the Polk County Municipal Court of DWI on March 24, 2000. She subsequently lodged the transcript of the municipal court proceedings with the circuit court of Polk County on April 5, 2000. Crump also filed a notice of appeal on March 30, 2000, but the certificate of service reflected that it was only sent to the municipal court, and not to the prosecuting attorney. No trial date was ever set, and on August 9, 2001, Crump filed a motion to dismiss based upon the State's failure to conduct a speedy trial.

A hearing on the issue of speedy trial was held on August 15, 2001, wherein Crump contended that the State had violated Ark. R. Crim. P. 28.1 and 28.2, by failing to try her within twelve months from the date of the filing of her appeal. Crump also alleged that the State would be unable to show that any of the time that had

---

[1] Prohibition lies to the circuit court and not to the individual judge. *Ford v. Wilson*, 327 Ark. 243, 939 S.W.2d 258 (1997). Accordingly, we will treat the petition as one against the circuit court. *Pike v. Benton Circuit Court*, 340 Ark. 311, 10 S.W.3d 447 (2000).

lapsed was excludable, and thus, could no longer try her. The State argued that Crump's failure to provide it with notice of her appeal tolled the running of time for speedy trial. The trial court denied Crump's motion, finding that the intent of the lower court rule regarding appeals is not to allow a defendant to file an appeal without telling anyone and then request a dismissal under the speedy-trial rule.

Crump now seeks a writ of prohibition to prevent her prosecution in circuit court on the DWI charge. In response to Crump's petition, the State argues that Crump has failed to show that a writ is clearly warranted in this matter by failing to bring forth a record showing that the circuit court proceeding is wholly in excess of its jurisdiction. Specifically, the State asserts that the record submitted by Crump contains only the partial testimony of one of the two witnesses who testified at the hearing and does not include a record of the trial court's oral ruling on the motion to dismiss. Our review of the record before us, however, reveals that there is a transcript of testimony from two witnesses, as well as a transcript of the circuit judge's ruling from the bench.

Turning now to the merits of Crump's claim, we first note that she has established a prima facie case of a speedy-trial violation by showing that over fifteen months passed between the filing of her appeal and the hearing on her motion to dismiss. The issue now is whether Crump's failure to send the State notice of her appeal tolls the running of time under the speedy-trial rule.

The filing of an appeal to circuit court is governed by Arkansas Inferior Court Rule 9. *See McBride v. State*, 297 Ark. 410, 762 S.W.2d 785 (1989). Under Rule 9, an appeal to the circuit court is taken by filing a record of the municipal court proceedings within thirty days of the entry of judgment. The filing of a notice of appeal is not required to perfect a municipal appeal. *Id.* The time for speedy trial begins to run from the day an appeal is filed in circuit court. Moreover, this court has held that the primary burden is on the court and the prosecutor to assure that a case is brought to trial in a timely fashion. *Glover v. State*, 307 Ark. 1, 817 S.W.2d 409 (1991). A defendant has no duty to bring himself to trial, and the time for trial begins running without demand by the defendant. *Id.* Accordingly, in the instant matter, the time for speedy trial began to run on April 5, 2000, the day that Crump properly filed her appeal in circuit court. Because the State has failed to establish that there were any excludable periods, it is clear that Crump's right to a speedy trial has been violated.

The writ of prohibition is granted.