Chad GONDOLFI *v.* Honorable David S. CLINGER

CR 02-828                                    98 S.W.3d 812

Supreme Court of Arkansas
Opinion delivered February 28, 2003

*Larry R. Froelich* and *George D. Oleson*, for petitioner.

*Mark Pryor*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for respondent.

Ray Thornton, Justice. Petitioner, Chad Gondolfi, brings a petition for a writ of prohibition on Benton County Circuit Court, naming Judge David S. Clinger as respondent. This petition arises from the trial court's order denying a motion to dismiss based upon violations of the speedy-trial provisions of Ark. R. Crim. P. 28 and the Interstate Detainer Act, codified at Ark. Code Ann. § 16-95-101 *et seq.* (1987). In his petition, petitioner seeks a writ of prohibition on his prosecution and a reversal of the trial court's denial of his motion to dismiss. Petitioner argues that the State has failed to bring him to trial within the 365 days required under Ark. R. Crim. P. 28.1, and that the State failed to bring him to trial within the 180 days required under the Interstate Agreement on Detainers. We find no merit in petitioner's argument and deny the writ of prohibition challenging the jurisdiction of the trial court.

## I. Facts

Petitioner was charged by an amended felony information for having committed felonies in Arkansas on April 2, May 13, and June 6, 2000. The June 6 charges include the sale of a controlled substance and simultaneous possession of drugs and a firearm.

On June 26, 2000, and on July 12, 2000, petitioner failed to appear for his arraignment. On July 12, 2000, the trial court issued a bench warrant for his arrest. Sometime before August 22, 2000, petitioner fled the jurisdiction and was arrested in Chicago, Illinois on Illinois charges that were subsequently dismissed. Petitioner was arrested in Cook County, Illinois on August 22, 2000, on the bench warrant issued by the Benton County Circuit Court. Petitioner was released by the Illinois authorities.

On August 23, 2000, the Benton County Sheriff's Office notified the prosecutor's office that petitioner refused to waive extradition and that a Governor's warrant would have to be obtained. On September 21, 2000, the State amended the felony information on the April 2 charge to include the July 6 charge. On October 16, 2000, the State requested extradition. Petitioner signed a waiver of extradition on March 20, 2001, and later

returned to Arkansas. By March 27, 2001, petitioner was back in the Benton County jail.

On April 6, 2001, petitioner appeared in court represented by Mr. Louis Lim, a public defender. From April 16, 2001, to June 6, 2001, petitioner appeared with counsel at various pretrial hearings. On June 25, 2001, Mr. Lim was relieved as counsel because of a conflict of interest. The Public Defender Commission was appointed to substitute as counsel.

On July 23, 2001, at an attorney status hearing, petitioner appeared with Mr. Charles Duell, a public defender. The trial court was informed that no attorney had been appointed to represent petitioner. On August 2, 2001, the trial court entered an order, appointing Ms. Linda Schribner to replace Mr. Lim as counsel. After numerous status hearings where trial dates were set and reset, on May 24, 2002, Ms. Schribner was allowed to withdraw as counsel, and Mr. Larry Froelich was appointed.

On June 27, 2002, petitioner filed a motion to dismiss the June 6 charges on the basis that he had been denied a speedy trial. The State responded. A hearing on the speedy-trial issue was held on August 5, 2002.

On August 7, 2002, the trial court entered an order denying petitioner's motion to dismiss based upon allegations of violations of the speedy-trial provisions of Rule 28 of the Arkansas Rules of Criminal Procedure and the Interstate Detainer Act, codified at Ark. Code Ann. § 16-95-101 *et seq*. On August 9, 2002, petitioner filed a petition for writ of prohibition with our court alleging a speedy-trial violation.

## II. Speedy trial

■ For his first point, petitioner seeks a writ of prohibition against Judge David S. Clinger to prohibit him from conducting a trial on the basis that he had been denied a speedy trial. We note that petitioner erroneously seeks the writ against Judge Clinger. That is incorrect. Prohibition lies to the circuit court and not to the individual judge. *Crump v. Ford*, 346 Ark. 156, 55 S.W.3d

295 (2001). Accordingly, we will treat the petition as one against the Benton County Circuit Court. *Id.*

■ Petitioner first argues that a writ of prohibition should issue. In *Doby v. Jefferson County Circuit Court,* 350 Ark. 505, 88 S.W.3d 824 (2002), we stated:

> Pursuant to Ark. R. Crim. P. 28.1(d), a defendant may bring a petition for a writ of prohibition when the trial court denies the defendant's motion for dismissal under the speedy-trial rules. A writ of prohibition is an extraordinary writ that is only appropriate when the court is wholly without jurisdiction.

*Id.* (citing *Gamble v. State,* 350 Ark. 168, 85 S.W.3d 520 (2002)). A writ of prohibition will not issue unless it is clearly warranted. *Id.*

■ ■ Under Ark. R. Crim. P. 28.1, a defendant must be brought to trial within twelve months unless there are periods of delay which are excluded under Ark. R. Crim. P. 28.3. *Moody v. Arkansas County Circuit Court, Southern District,* 350 Ark. 176, 85 S.W.3d 534 (2002). If the defendant is not brought to trial within the requisite time, the defendant is entitled to have the charges dismissed with an absolute bar to prosecution. Ark. R. Crim. P. 30.1. If prior to that time the defendant has been continuously held in custody, or has been lawfully at liberty, the time for trial commences running from the date of arrest. Ark. R. Crim. P. 28.2. It is well settled that a defendant does not have a duty to bring himself to trial; rather, the burden is on the court and the prosecutor to see that the trial is held in a timely fashion. *Moody, supra.* Once a defendant establishes a *prima facie* case of a speedy-trial violation, the State bears the burden of showing that the delay was the result of the defendant's conduct or otherwise justified. *Id.*

In the present case, we first must determine when the speedy-trial period commenced. Petitioner asserts that the State failed to prosecute his case twelve months from his August 22, 2000, arrest date because he was released by Illinois officials and "lawfully at liberty," pursuant to Ark. R. Crim. P. 28.2. The State contends that the time for bringing him to trial began to run on March 20, 2001, when petitioner waived extradition.

Petitioner's argument is unavailing. On August 5, 2002, at the hearing on the speedy-trial motion, petitioner testified that he did not resist extradition and that he never refused to waive extradition. However, the trial court noted that petitioner failed to appear on pending Arkansas charges, fled the jurisdiction, went to Illinois, and was arrested in Illinois. We have no evidence before us, other than petitioner's testimony, about petitioner's circumstances in Illinois. In fact, the State produced as State's Exhibit 2 a faxed memo, dated August 23, 2000, from Brenda Larsen, a fugitive warrant secretary for Benton County, that petitioner refused to sign the waiver of extradition back to Arkansas.

We agree with the State's argument on this point. In *White v. State*, 310 Ark. 200, 833 S.W.2d 771 (1992), appellant was arrested in Texarkana, Texas for charges stemming in Arkansas and in Texas. He waived extradition to Miller County, Arkansas. We stated:

> We have held that an accused in prison in another state, for a different crime, must affirmatively request a trial in order to activate the speedy trial rule. Here, the state showed that the appellant signed the waiver of extradition on October 18, 1990, thus he was unavailable for trial before this date. . . . Thus, appellant's speedy trial period did not begin to run until he waived extradition on October 18, 1990, and his trial on July 22, 1991 was well within the twelve month speedy trial period.

*Id.* (citations omitted).

Under *White, supra*, we will use March 20, 2001, when petitioner waived extradition to Arkansas, as the date that commenced the speedy-trial period. We will also use June 27, 2002, as the end of the speedy-trial period, as that date is when petitioner filed his speedy-trial motion. We have said that the filing of the speedy-trial motion tolls the speedy-trial period. *Doby, supra*; *Moody, supra*. The time between March 20, 2001, and June 27, 2002 is 464 days. As this period exceeds the twelve-month requirement for a speedy trial, a *prima facie* case is established, and the State must show that the delay was the result of the defendant's conduct, or was otherwise justified. *Moody, supra*.

We now consider whether there are any periods of time to be excluded from the 464–day period between March 20, 2001, and June 16, 2002. First, we note that, in a pretrial order dated April 16, 2001, the trial court excluded June 26, 2000 to April 16, 2001. However, March 20, 2001, the day from which the speedy-trial period begins, falls within this excludable time period. The twenty-seven days from March 20, 2001 to April 16, 2001 is chargeable to the petitioner, as noted below.

In various pretrial, arraignment, and setting orders, the trial court excluded the following periods from the speedy-trial calculation:

| Order | Time Excluded | Number of days |
|-------|---------------|----------------|
| 4/16/2001 | June 26, 2000-April 16, 2001 | 27[1] (beginning at 3/20/01) |
| 4/25/2001 | April 25, 2001-April 26, 2001 | 1 |
| 5/24/2001 | May 24, 2001-June 6, 2001 | 13 |
| 6/6/2001 | June 6, 2001-June 25, 2001 | 19 |
| 6/25/2001 | June 25, 2001-July 23, 2001 | 28 |
| 7/23/2001 | July 23, 2001-Aug. 2, 2001 | 10 |
| 8/2/2001 | Aug. 2, 2001-Aug. 9, 2001 | 7 |
| 8/10/2001 | Aug. 10, 2001-Sept. 25, 2001 | 46 |
| 9/20/2001 | Sept. 25, 2001-Nov. 27, 2001 | 63 |
| 11/27/2001 | Nov. 27, 2001-Feb. 14, 2002 | 79 |
| 5/2/2002 | May 2, 2002-May 6, 2002 | 4 |
| 5/24/2002 | May 7, 2002-July 23, 2002 | 51 (ending at 6/27/02) |

Therefore, the total number of excludable days found by the trial court to be chargeable to the petitioner equals 348 days. After subtracting 348 days of the excludable periods from the total

[1] Pursuant to Ark. R. Crim. P. 1.4, we will not count the first day of each excludable period.

period of time of 464 days, the balance is 116 days, which is well within the twelve-month requirement for speedy trial.

In his brief, petitioner only challenges three excluda- ble periods: (1) March 20, 2001 to April 16, 2001, (2) June 25, 2001 to July 23, 2001, and (2) July 23, 2001 to August 2, 2001. The first period involves the time when petitioner was in Chicago after he waived extradition. The second period was when his attorney appeared for the purpose of withdrawing as counsel due to a conflict in interest. The third period of ten days involved the appointment of the Public Defender Commission, and petitioner argues that consideration of this period as excludable was inappro- priate because he was without counsel. We note that even if peti- tioner were to prevail on his argument that these three periods, which aggregate sixty-five days, should not have been excluded, only 181 days of nonexcludable time have elapsed within the 365 days allowed by Rule 28.1. However, we do not reach petitioner's argument concerning the March 20, 2001 to April 16, 2001 exclusion or the June 25, 2001 to July 23, 2001 exclusion because the issue of those exclusions was not preserved for appellate review because no contemporaneous objection was made at the hearings. A contemporaneous objection to the excluded period is necessary to preserve the argument in a subsequent speedy-trial motion. *Dean v. State*, 339 Ark. 105, 3 S.W.3d 328 (1999); *Tanner v. State*, 324 Ark. 37, 918 S.W.2d 166 (1996); *Mack v. State*, 321 Ark. 547, 905 S.W.2d 842 (1995).

Because the time elapsed between petitioner's waiver of extradition and his motion to dismiss for violation of our requirement for a speedy trial is less than twelve months after proper exclusions of chargeable times, we hold that no violation of our speedy-trial rule occurred. Therefore, we find no error in the trial court's denial of petitioner's motion to dismiss because the time for bringing petitioner to trial has not expired. Accordingly, petitioner is not entitled to a writ of prohibition on the basis of a speedy-trial violation.

### III. Interstate Agreement on Detainers

For his second point, petitioner argues that the trial court erred in denying petitioner's motion to dismiss based upon violations of the Interstate Agreement on Detainers, codified at Ark. Code Ann. § 16-95-101 *et seq.* (1987). Specifically, petitioner argues that he was not brought to trial within the 180-day period allowed in that agreement.

The Interstate Agreement on Detainers, found at Ark. Code Ann. § 16-95-101, provides in pertinent part of Article III:

> (a) Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred eighty (180) days after he shall have caused to be delivered to the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information, or complaint; provided that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.

*Id.*

In the present case, petitioner cites subsection (a) for the purposes of his argument that he shall be brought to trial within 180 days. However, petitioner was not returned to Arkansas pursuant to the Interstate Agreement on Detainers, but upon signing a waiver of extradition. Extraditions are governed by the Uniform Criminal Extradition Act, codified at Ark. Code Ann. § 16-94-201 *et seq.* (1987).

██ ██ In order to comply with the Interstate Agreement on Detainers, a prosecutor must file a detainer upon learning that an accused is imprisoned elsewhere and must request that the official having custody of the accused advise the prisoner of the filing of the detainer and of the prisoner's right to demand trial. Ark. R. Crim. P. 29.1(b); *Dukes v. State,* 271 Ark. 674, 609

S.W.2d 924 (1981). The prisoner then has the right to demand trial, and such trial must be had within 180 days unless there is good cause for a delay. *Id.* Here, there is no showing in the record that the State filed a detainer or that petitioner was served with a detainer while incarcerated in Illinois. Therefore, we hold that the Interstate Agreement on Detainers was never triggered and is inapplicable.

Petition for writ of prohibition denied.

IMBER, J., not participating.