Jerome Militan DeASIS  *v.*  STATE of Arkansas

CR 03-818                                    200 S.W.3d 911

Supreme Court of Arkansas
Opinion delivered January 13, 2005

[Rehearing denied February 17, 2005.]

*Kathy L. Hall*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Lauren Elizabeth Heil*, Ass't Att'y Gen., for appellee.

ANNABELLE CLINTON IMBER, Justice. This case is a criminal appeal from convictions for capital murder and arson. Appellant Jerome DeAsis raises four points of error: (1) the trial court erred in denying his motion to dismiss for want of a speedy trial; (2) the trial court erred in permitting the State to introduce certain

photographs; (3) the trial court erred in refusing to grant a mistrial after the State's witness was questioned during the sentencing phase of the trial as to whether or not he knew Mr. DeAsis used to steal cars and buy guns without serial numbers; (4) the trial court erred in permitting the State to amend the felony information to add the charge of arson. We affirm the circuit court on all points.

Jerome DeAsis, his wife, Angela, and their infant son, Dominic, resided in Rogers, Arkansas. Jerome had a history of alcoholism and depression. When Angela began spending time with another man, Jerome believed she was having an affair. On June 17, 2000, Angela left the house with the other man, and Jerome began drinking gin. Eventually, he went to the kitchen, grabbed a knife, and began stabbing himself. He ultimately decided to take his life and the life of his child. After killing Dominic by cutting his throat, he set fire to the trailer by igniting some clothes in the closet. He then went to the bathroom and laid in the bathtub, where he saw a shadow he believed to be the Lord telling him to survive. In his vision, the Lord chased him and he fell out of a window. He was immediately taken to the hospital, where he was arrested on June 19, 2000.

Following a jury trial on September 26, 2002, Mr. DeAsis was convicted of capital murder and arson. He was sentenced to life imprisonment without parol for the capital murder conviction and twenty years on the arson conviction. Thus, this court's jurisdiction is proper pursuant to Ark. R. Sup. Ct. 1-2(a)(2).

## 1. Speedy Trial

For his first point on appeal, Mr. DeAsis argues that his right to a speedy trial was violated. The State has twelve months within which to bring a defendant to trial, unless there are periods of delay that are excluded. Ark. R. Crim. P. 28.3 (2004). The speedy trial period begins to run on the earlier of the date the defendant is arrested and the date he is charged. Ark. R. Crim. P. 28.2 (2004). Here, Mr. DeAsis was arrested on June, 19, 2000, and he was formally charged on June 20, 2000. Thus, the speedy trial calculation begins on June 19, 2000. Mr. DeAsis filed his motion to dismiss for violation of speedy trial on August 28, 2002. Between the date of his arrest and the date Mr. DeAsis filed the motion to dismiss, a total of 800 days elapsed. Once a defendant establishes a *prima facie* case of a speedy trial violation, the State bears the burden of showing that the delay was the result of the

defendant's conduct or otherwise justified. *Gondolfi v. Clinger*, 352 Ark. 156, 98 S.W.3d 812 (2003).

The chronology of events pertaining to the speedy-trial calculation are as follows. On June 20, 2000 a probable-cause hearing was held while Mr. DeAsis was still in the hospital. At that hearing, the court set an arraignment for July 10, 2000. However, the date of the arraignment was accelerated, and it was actually held on June 23, 2000. At the arraignment, the defendant requested that the proceedings be suspended so that he could be evaluated at the State Hospital. The circuit court granted that motion, and set a status hearing for October 30, 2000. An order to this effect was entered on July 5, 2000. The docket indicates that the status hearing originally set for October 30 was rescheduled to January 8, 2001. At the January 8, 2001 status hearing, the circuit court noted that it would be another two or three months before the State Hospital could complete its evaluation of Mr. DeAsis, so the circuit court rescheduled the status hearing for April 30, 2001. The order entered on January, 8, 2001 specifically notes that the time from January 8, 2001 until April 30, 2001 would be charged to the defendant. On April 30, 2001, Mr. DeAsis still had not been evaluated, and the court rescheduled the status hearing for June 25, 2001. The court's order did not specifically charge this time to either side.

Mr. DeAsis was finally admitted to the State Hospital for evaluation on June 21, 2001. At the June 25, 2001 hearing, the circuit court stated that the State Hospital had not completed its evaluation of Mr. DeAsis and rescheduled the status hearing for August 13, 2001. The court also said, "Just so that the record is clear, the time from June 23rd of last year until August 13th is excluded for this mental evaluation." Mr. DeAsis did not object to the court's ruling on the exclusion of time for speedy trial purposes. On August 13, Mr. DeAsis reported for the status hearing and requested time to obtain an additional, independent evaluation. The judge rescheduled the status hearing for September 10, 2001 and stated, "Time continues to be excluded." Again, no objection was made by Mr. DeAsis. On September 10, 2001, Mr. DeAsis requested additional time to complete his independent evaluation, and the trial court set a status hearing for October 29, 2001 and expressly excluded the time. Once again, Mr. DeAsis made no objection. On October 29, 2001, Mr. DeAsis advised the court that the evaluations had been completed and that he was waiting for the report. The court set a competency hearing for

December 10, 2001 and charged the time to Mr. DeAsis, who did not object. At the December 10 competency hearing, the defendant was found competent, and an arraignment was set for January 3, 2002. Defendant filed a motion to dismiss for violation of speedy trial on August 28, 2002. The motion was subsequently denied by the circuit court.

To preserve a speedy trial objection for appeal, the defendant must make a contemporaneous objection at the hearing where the time is excluded. *Gondolfi v. Clinger*, 352 Ark. 156, 98 S.W.3d 812 (2003); *Ferguson v. State*, 343 Ark. 159, 33 S.W.3d 115 (2000); *Mack v. State*, 321 Ark. 547, 905 S.W.2d 842 (1995). The reason for requiring a contemporaneous objection is to inform the trial court of the reason for a disagreement with its proposed action prior to making its decision or at the time the ruling occurs. *Ferguson v. State, supra*. The idea is to give the trial court the opportunity to fashion a different remedy. *Id*. Here, the trial court expressly noted the exclusion at numerous hearings. At the hearing on June 25, 2001, the court excluded the time from June 23, 2000 through August 13, 2001. At the hearing on August 13, 2001, the court excluded time until September 10, 2001. On September 10, 2001, the court excluded time until December 10, 2001. Mr. DeAsis *never* made a contemporaneous objection at any of the hearings when the trial court charged time to him. Consequently, his speedy trial claim based on the trial court's exclusion of the period of time between June 23, 2000, and December 10, 2001, totaling 535 days, is not preserved for appellate review.

Our decision in *Moody v. Arkansas County Circuit Court So. Dist.*, 350 Ark. 176, 85 S.W.3d 534 (2002), does not suggest otherwise. In that case, the appellant was permitted to raise a speedy trial issue in a motion to dismiss despite failing to make a contemporaneous objection when time was entered against him. *Id*. However, the exclusion of time in the *Moody* case was not specifically discussed during a hearing where the defendant and his counsel were present. Similarly, in *Tanner v. State*, 324 Ark. 37, 918 S.W.2d 166 (1996), we refused to charge time to a defendant when the record did not reflect that either he or his counsel were present at the hearing where the excludability of time was discussed. In contrast, Mr. DeAsis and his counsel were present for every hearing where time was excluded. He simply failed to make a contemporaneous objection to the circuit court's numerous rul-

ings on the exclusion of time. Thus, the speedy-trial argument is not preserved for appellate review.

### 2. Photographs

For his second point on appeal, Mr. DeAsis argues the circuit court erred in admitting into evidence two photographs of the deceased child. This court will not reverse a trial court regarding the admission of photographs absent an abuse of discretion. *Ramaker v. State*, 345 Ark. 225, 46 S.W.3d 519 (2001). The mere fact that a photograph is inflammatory or is cumulative is not, standing alone, sufficient reason to exclude it. Even the most gruesome photographs may be admissible if they assist the trier of fact in any of the following ways: shedding light on some issue, by providing a necessary element of the case, by enabling a witness to testify more effectively, by corroborating testimony, or by enabling jurors to better understand the testimony. *Id.* Two photographs — State's Exhibits 46 and 48 — are at issue here.

State's Exhibit 48 is a photograph of the front of the infant, showing the burned skin and the neck wound. Mr. DeAsis suggests this picture is not relevant because another picture of the cut on the throat was introduced. As previously noted, the mere fact that a photograph is inflammatory or is cumulative is not, standing alone, sufficient reason to exclude it. *Ramaker v. State, supra.* Moreover, we have allowed the introduction into evidence of multiple pictures showing a victim's wounds from various angles. *Warren v. State*, 314 Ark. 192, 862 S.W.2d 222 (1993). Here, the picture in question shows the wound in proportion to the rest of the body, and thus serves a purpose beyond the close-up picture of the neck wound. Thus, we hold that the circuit court did not abuse its discretion in allowing the photograph to be introduced into evidence.

State's Exhibit 46 is a photograph of the baby's back. Mr. DeAsis argues this photograph did not serve any useful purpose outside of inflaming the jury, and the fact that the infant had no burning on its back was not relevant to the case. To the contrary, the picture explained and supported the testimony of Dr. Sturner concerning the severity and location of the burns. The State further notes that this information helped to explain the difficulty Dr. Sturner encountered in performing the autopsy. While Mr. DeAsis claims that the difficulty of the autopsy is not

relevant, this argument is not convincing. The jury has a right to know about the factors that went into the decision of the expert witness, including any autopsy difficulties because of the state of the body. The circuit court did not abuse its discretion in admitting State's Exhibit 46 into evidence.

### 3. Motion for Mistrial

For his third point on appeal, Mr. DeAsis contends the circuit court should have declared a mistrial because of statements made by the prosecutor during the sentencing phase of the trial. Specifically, the prosecutor asked whether the witness was aware that Mr. DeAsis "used to steal cars and buy guns with no serial numbers on them."

A mistrial is a drastic remedy, to be employed only when an error is so prejudicial that justice cannot be served by continuing the trial, and when it cannot be cured by an instruction to the jury. *Walker v. State*, 353 Ark. 12, 110 S.W.3d 752 (2003). The decision to grant or deny a mistrial is within the sound discretion of the trial court and will not be overturned absent a showing of abuse or manifest prejudice to the *appellant. Id.*

No prejudice resulted from the question posed by the prosecutor in this case, especially in view of the witness's answer that he was not aware Mr. DeAsis used to steal cars and buy guns with no serial numbers. *See Standridge v. State*, 329 Ark. 473, 951 S.W.2d 299 (1997). In *Standridge v. State*, the prosecutor asked an inappropriate character-evidence question, but the witness never answered the question. We held that there could be no prejudice to the defendant because the jury received no prejudicial information. Similarly, here, where the witness answered the offending question in the negative and the trial court instructed the jury to disregard the question and the answer, the jury did not receive any information likely to prejudice the defendant. Accordingly, we affirm the circuit court on this point.

### 4. Amendment to Felony Information

The last point Mr. DeAsis raises on appeal is that the circuit court erred in allowing the prosecution to amend the original information thirty-four days before trial to include a charge of arson. The State is entitled to amend an information at any time prior to the case being submitted to the jury so long as the

amendment does not change the nature or degree of the offense charged or create unfair surprise. *Stewart v. State*, 338 Ark. 608, 999 S.W.2d 684 (1999). The decision of *Stewart v. State*, the only case cited by the appellant for this argument, actually supports the State's argument. In that case, we allowed the State to amend an information and add a charge one day before trial where the defense counsel was not surprised by the amendment. Likewise, Mr. DeAsis could not have been "surprised" by the amendment of the information, because of numerous prior references to the fire. First, the affidavit for probable cause for his arrest alleged that there had been a fire at his home, that he had been drinking and wanted to kill himself, that his wife had reported that he "had previously set fire to his belongings when he was upset," and that the autopsy revealed that the child was killed before the fire started. Furthermore, six months before the trial, a witness testified his investigation of the cause of the fire revealed "suspicious burn patterns" that caused him to suspect arson. These references should have alerted Mr. DeAsis to the possibility that he would also be charged with arson. Thus, we hold that the circuit court did not err in allowing the State to amend the information thirty-four days before trial.

In compliance with Ark. Sup. Ct. R. 4-3(h), the record has been examined for all objections, motions, and requests made by either party that were decided adversely to appellant, and no prejudicial error has been found. *Doss v. State*, 351 Ark. 667, 97 S.E.3d 413 (2003).

Affirmed.

Gunter, J., not participating.