Cite as 2022 Ark. App. 164

# ARKANSAS COURT OF APPEALS
DIVISION II
No. CR-21-519

| | | |
|---|---|---|
| | | Opinion Delivered April 13, 2022 |
| HAROLD TRUAX | | APPEAL FROM THE OUACHITA |
| | APPELLANT | COUNTY CIRCUIT COURT |
| | | [NO. 52CR-20-37] |
| V. | | |
| | | HONORABLE ROBIN J. CARROLL, |
| STATE OF ARKANSAS | | JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

Harold Truax appeals his Ouachita County Circuit Court conviction of first-degree terroristic threatening, claiming that the trial court erred in allowing the State to amend the charging information at the close of the evidence. We find no error and affirm.

Truax was originally charged with aggravated assault resulting from an incident with his neighbor, Sara Robinson Medina. The incident occurred in January 2020, when Truax yelled racial slurs at Medina and tried to run over her adult son, Charles Washington, with his vehicle. Truax proceeded to a bench trial on June 25, 2021.[1] Approximately one week before trial, the State amended the criminal information to add a charge of harassment.

At trial, the court heard from only two witnesses—Medina and Truax. A summary of their testimony reflects that on the morning of the incident, Medina was outside feeding her

---

[1]The trial delay was the result of several COVID-19 pandemic continuances.

cats when Truax yelled a racial slur at her. Upset, she yelled back at him, and a verbal altercation occurred. Truax got into his mother's car and drove away.

Hearing the exchange, Medina's neighbor, Willie Adair, and her son, Charles Washington, walked over to speak with her. While the three of them were talking, Truax returned, and Washington flipped him off. When Washington flipped off Truax, Truax swerved and drove toward them at a high rate of speed. Medina pushed Washington out of the way and stepped in front of him so he would not be hit by Truax's vehicle. Although Truax stopped the vehicle before hitting anyone, Medina claimed that she had been afraid for her life and her son's life. Truax denied he had a verbal altercation with Medina,[2] denied swerving toward them, and denied terrorizing or threatening anyone.

At the conclusion of the testimony, the State moved to amend the information to replace the aggravated-assault charge with a charge of first-degree terroristic threatening. Defense counsel objected claiming surprise and trial by ambush. The trial court allowed the amendment over defense counsel's objections; found Truax guilty of terroristic threatening; and sentenced him to two years in a community correction center. Truax was acquitted on the charge of harassment.

On appeal, Truax argues that the trial court erred in allowing the State to amend the charging information at the close of the evidence. To address this argument, we set forth how the issue arose during the proceeding.

---

[2]Truax claimed the verbal altercation that morning was with Adair, not Medina.

During the cross-examination of Medina, the trial court requested that counsel approach and stated:

> This is terroristic threatening. It's not aggravated assault. I mean, it's like pulling a gun on somebody and making them fear that they were going to shoot them and so is pulling a car up to somebody. . . . He got charged the wrong way.

During a lengthy colloquy, the State attempted to argue that Truax's actions did not constitute terroristic threatening, but the court insisted that the proper charge was terroristic threatening, not aggravated assault. The circuit court explained, "I hate to acquit him on something that's [sic] he . . . didn't really do. . . . I'd be happy to find him guilty of the thing that he did do."

Upon completion of the evidence, the State moved to amend the aggravated-assault charge to first-degree terroristic threatening, and the court allowed the amendment over defense counsel's objection. Truax claims that the trial court erred in allowing the State to amend the charges because the State's amendment added the element of "terrorizing," that this added element is not present in the aggravated-assault statute, and that he was then forced to defend an added element with no preparation time—thereby surprising the defense. His argument fails.

The State is entitled to amend an information at any time before the case is submitted to the jury so long as the amendment does not change the nature or degree of the offense charged or create unfair surprise. *Flanagan v. State*, 368 Ark. 143, 243 S.W.3d 866 (2006); *DeAsis v. State*, 360 Ark. 286, 200 S.W.3d 911 (2005); *Stewart v. State*, 338 Ark. 608, 999 S.W.2d 684 (1999). We conclude it did not.

Here, the amendment did not change the nature of the offense charged. The facts, the witnesses, and the evidence for the new charge of first-degree terroristic threatening were identical to the original charge of aggravated assault. Nor did the amendment change the degree of the offense charged. Both crimes are Class D felonies. Further, the amendment did not create unfair surprise. Truax's defense never changed, as he denied intentionally swerving toward Medina with his vehicle in order to terrorize or assault her.

Admittedly, Truax argued below that the amendment was surprise and trial by ambush. He, however, did not argue insufficient time to prepare an adequate defense due to the amendment; nor did he seek a continuance. An appellant must show he was prejudiced by the amendment in order to prevail, *see Hill v. State*, 370 Ark. 102, 257 S.W.3d 534, 537 (2007), and we have previously held that we will not presume prejudice when a defendant fails to move for a continuance. *Mitchell v. State*, 306 Ark. 464, 816 S.W.2d 566 (1991); *Harrison v. State*, 287 Ark. 102, 696 S.W.2d 501 (1985); *Wilson v. State*, 286 Ark. 430, 692 S.W.2d 620 (1985). Thus, Truax cannot show prejudice from the court's decision to allow the amendment.

Affirmed.

HARRISON, C.J., and BARRETT, J., agree.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for appellee.