Robert Heath KILLIAN *v.* STATE of Arkansas

CA CR 05-1214                                    238 S.W.3d 629

Court of Appeals of Arkansas
Opinion delivered September 6, 2006

[Rehearing denied October 11, 2006.]

*James B. Bennett*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.

A NDREE LAYTON ROAF, Judge. A Union County jury convicted appellant Robert Heath Killian of delivery of a counterfeit controlled substance, delivery of a controlled substance, and two counts of the use of a communication facility. He was sentenced to a total of forty-five years in prison. On appeal, Killian argues that the trial court erred when it denied his motion to dismiss for lack of a speedy trial and when it denied his three motions for mistrial. We affirm.

Because Killian does not challenge the sufficiency of the evidence supporting his conviction, only a brief recitation of the facts related to the issues on appeal is necessary. On July 2, 2003, Killian was charged with delivery of a counterfeit controlled substance, delivery of a controlled substance, and two counts of the use of a communication facility. On July 22, 2005, immediately before his trial, Killian filed a motion to dismiss in which he argued that 781 days had elapsed since he was arrested on June 2, 2003. The trial court denied the motion to dismiss, citing several excluded periods and declaring that only 323 non-excluded days had passed since Killian's arrest date.

During Killian's trial, he made three motions for a mistrial. Killian first moved for a mistrial during voir dire when a prospective juror stated that he was employed as a supervisor at the jail and had seen Killian "come through [the] facility several times." Killian again moved for a mistrial when the State's confidential informant testified that he had seen Killian selling methamphetamine at a time not related to the offenses for which Killian was

being tried. Killian last moved for a mistrial on the basis that the State, in its closing argument, had commented on Killian's right not to testify. The trial court denied all three motions for mistrial.

For his first point on appeal, Killian argues that the trial court erred when it denied his motion to dismiss for violation of the speedy trial rule. Arkansas Rule of Criminal Procedure 28 governs speedy trials. Any defendant charged in circuit court shall be entitled to have the charge dismissed with an absolute bar to prosecution if not brought to trial within twelve months of the date he was arrested or the date the charges were filed, whichever is earlier, excluding any periods of necessary delay as authorized by Rule 28.3. Ark. R. Crim. P. 28.1(c) (2006); Ark. R. Crim. P. 28.2(a) (2006). Rule 28.3 governs the included periods and further provides that "such periods shall be set forth by the court in a written order or docket entry, but it shall not be necessary for the court to make the determination until the defendant has moved to enforce his right to a speedy trial pursuant to Rule 28 unless it is specifically provided to the contrary below."

Here, Killian was arrested on June 2, 2003. His trial was held 781 days later on July 22, 2005. Killian filed his motion to dismiss for lack of a speedy trial on July 22, 2005, just before his trial began. His motion did not challenge any specific excluded period. Instead, Killian generally asserted that he had been denied a speedy trial based on the 781 days since his arrest. Immediately preceding the trial, the trial court held a hearing on Killian's motion to dismiss. The trial court reviewed the docket and found a few periods that had been previously excluded and further excluded a few more. The trial court determined that only 323 non-excluded days had elapsed since Killian's arrest and ruled that Killian's trial was being held within the time allowed by Rule 28. During the hearing, Killian did not object to any of the excluded periods cited by the trial court or to the trial court's calculation of the number of excluded days.

The State asserts that Killian's speedy-trial argument is not preserved for appellate review. To preserve a speedy-trial objection for appeal, the defendant must make a contemporaneous objection at the hearing where the time is excluded. *DeAsis v. State*, 360 Ark. 286, 200 S.W.3d 911 (2005). The reason for requiring a contemporaneous objection is to inform the trial court of the reason for disagreement with its proposed action prior to making its decision or at the time the ruling occurs. *Id.* at 292. "The idea is to give the trial court the opportunity to fashion a

different remedy." *Id*. Here, the trial court expressly noted periods of exclusion during the hearing on Killian's speedy-trial motion, and Killian never objected to any of these periods at the hearing when the trial court charged these periods to him.

Killian argues that *DeAsis, supra*, is distinguishable from the present case, because *DeAsis* involved a motion for a mental evaluation in which the trial court announced at the time the motion was made that a specific time period related to the motion for mental evaluation would be excluded and charged to the defendant. Here, only three of the six excluded periods announced in open court had had orders entered contemporaneously. The trial court did not announce in open court the additional disputed, excluded periods until the hearing on the speedy-trial motion. Killian challenges the exclusion of those three additional periods on appeal, and he asserts that a contemporaneous objection at this time was not necessary because the trial court announced these periods at the same time that it ruled on his motion for dismissal for lack of a speedy trial. Killian argues that, because these excluded periods had no prior orders or docket entries and were announced in open court only at the hearing, he was denied the opportunity to make a contemporaneous objection to the excluded periods at issue. Killian, however, cites no cases to support this argument.

The hearing on Killian's motion to dismiss for lack of speedy-trial issue consisted of the following:

> THE COURT: He was arrested June 2, 2003. Since that time I find a total of ... Did you have 760 days?
>
> STATE: I just figured up what was not excluded.
>
> THE COURT: Okay. I have an excluded period of August 21 to September 25, 2003.
>
> STATE: I didn't find that one.
>
> THE COURT: There was a plea agreement filed on August 21, 2003. We continued it to September 25, 2003, for the plea, I'm excluding that. September 11, 2003 to March 25, 2004.
>
> STATE: Yes, sir.
>
> THE COURT: March 26, 2004 to July 29, 2004.

STATE: Yes, sir.

THE COURT: July 29, 2004 to August 19, 2004.

STATE: Yes, sir.

THE COURT: He didn't show August 19, 2004, a Bench Warrant was issued and he was arrested February 15, 2005, and then he appeared February 17, 2005, and it was continued to May 3, 2005 with an excluded period. Now the only questionable period is March 24, 2004 to July 29, 2004 and I'm excluding that because that is when we had the letter from the Gyst House, when he was accepted to the Gyst House.

STATE: I thought I read the docket sheet to reflect that there was an excluded period to that in any event.

THE COURT: There was initially. Any way that is a total of 323 days. We are on the 323rd day. The [m]otion for dismissal on speedy trial is denied.

■ Here, Killian filed a general speedy-trial motion that asserted only that 781 total days had elapsed since he was arrested and did not delineate any periods that he challenged. At the hearing, Killian did not contemporaneously object to any of the excluded periods announced by the trial court, and thus did not inform the trial court of the reason for his disagreement with its proposed action prior to or at the time it ruled on the matter. Contrary to Killian's assertion, he was not denied the opportunity to make a contemporaneous objection, because he could have made this objection when the trial court announced the specific disputed periods of excluded time or when it ruled on the matter. The trial court was therefore never informed of the reasons that Killian disagreed with its exclusion, or advised whether he disputed all or some of the exclusions, nor was the court given the opportunity to "fashion a different remedy." Accordingly, we agree that under these circumstances, Killian's speedy-trial issue is not preserved for appellate review.

Killian's second argument on appeal is that the trial court erred when it denied his three motions for mistrial. A mistrial is a drastic remedy only to be used when an error is so prejudicial that

justice cannot be served by continuing the trial and when it cannot be cured by an instruction to the jury. *DeAsis, supra.* The decision to grant a mistrial is within the sound discretion of the trial court and will not be overturned absent a showing of abuse or manifest prejudice to the appellant. *Id.*

First, Killian moved for a mistrial during *voir dire.* A prospective juror, Jimmy Sanders, stated that he was employed as a supervisor at the jail and had seen Killian "come through [the] facility several times." Killian moved for a mistrial, and the trial court asked if any of the jurors had heard the remark. The trial court then instructed any jurors who had heard it to disregard it. The record is not clear as to how many, if any, of the prospective jurors heard Mr. Sanders's remark.

In *Parker v. State,* 355 Ark. 639, 144 S.W.3d 270 (2004), an officer testified that he recognized Parker because the defendant had been "in and out of the Dumas jail." The trial court denied Parker's motion for mistrial and admonished the jury to disregard the testimony. The supreme court held that the trial court acted within its discretion and that the admonition removed any prejudice. Generally, an admonition to the jury cures a prejudicial statement unless the statement is so inflammatory that justice could not be served by continuing the trial. *Parker, supra.* The supreme court noted that it took into consideration whether the prosecutor deliberately induced a prejudicial response. *Id.*

Here, Sanders's comment was not in response to a question by the prosecutor but Mr. Sanders was instead responding to a question by Killian's attorney. Sanders did not indicate what, if any, crimes Killian may have been charged with or why he might have been in jail. Thus, we cannot say that Sanders's comment was so prejudicial that it precluded Killian from obtaining a fair trial; moreover, any prejudice that might have resulted from the comment was cured by the trial court's admonition to the jury.

Killian again moved for a mistrial when the State's confidential informant, Leroy Williams, testified that he had seen Killian selling methamphetamine at a time not related to the offenses for which Killian was presently being tried. The trial court admonished the jury that the trial was about the two counts that Killian was charged with and that the jury was to disregard Williams's comment about another possible criminal incident.

This court has held that any reference to a defendant's prior convictions during the guilt phase of a criminal trial results in some

prejudice to the defendant. *Smith v. State*, 351 Ark. 468, 95 S.W.3d 801 (2003); *Hamilton v. State*, 348 Ark. 532, 74 S.W.3d 615 (2002). The trial court, however, is granted a wide latitude of discretion in granting or denying a motion for mistrial, and the decision of the trial court will not be reversed except for an abuse of that discretion or manifest prejudice to the complaining party. *Smith*, *supra*. The general rule is that a cautionary instruction or admonishment to the jury can make harmless any prejudice that might occur from an inadvertent reference to a prior conviction. *Id.*

Here, the reference was not to a prior conviction but to another possible crime that Killian might have committed. The State asked Williams how he became involved in the case against Killian. Williams replied that he had "been knowing Mr. Killian for some time, seen him in certain places and . . . seen him sell somebody else some meth." The trial court explained to the jury that the trial was limited to the crimes that Killian had been charged with and that it should disregard Williams's unsolicited statement about another possible criminal incident. The State's question was not intended to induce a prejudicial response. We cannot say that Williams's comment was so prejudicial as to preclude Killian from obtaining a fair trial; likewise, any prejudice that might have resulted from the comment was cured by the trial court's admonition to the jury.

Finally, Killian argues that the trial court should have granted a mistrial based on a statement made by the State in its rebuttal closing argument to the jury. In arguing that Williams was a credible witness, the State made the following statement:

> [W]illiams gained nothing out of this other than our appreciation. . . . The work he does is good. You are the judges of credibility. You didn't hear anything from [Williams's] mouth or from *anybody else's mouth* in here except for [defense counsel's] that brought that into issue.

(Emphasis added.) Killian's attorney asked to approach the bench at this point, but the trial court told him "no." After the jury retired for its deliberations, Killian's attorney moved for a mistrial on the basis that the State had commented on his right not to testify. The trial court denied the motion for mistrial after it accepted the State's explanation of its argument, which was that no witness had brought into issue Williams's credibility. The trial court noted that the argu-

ment was that no one had impugned Williams's character and that the State's argument was directed toward the testimony itself and not toward Killian.

■ A motion for mistrial based on an improper closing argument must be made at the time the objectionable statement is made, rather than waiting until the end of the State's argument. *Leaks v. State,* 339 Ark. 348, 5 S.W.3d 448 (1999). A mistrial motion that is based on improper argument is untimely when it is made after closing argument and out of the jury's presence. *Id.* Motions and objections must be made at the time the objectionable matter is brought to the jury's attention or they are otherwise waived. *Donovan v. State,* 71 Ark. App. 226, 32 S.W.3d 1 (2000). Here, Killian moved for a mistrial after the closing argument and outside the presence of the jury. Although the trial court initially told Killian's counsel that he could not approach the bench, Killian was nevertheless required to make his record but instead said nothing further to apprise the trial court of the nature of his objection or that he wished to move for mistrial. While Killian's argument was thus untimely, *see id.,* even if we treat his motion as preserved for appellate review, we would conclude that the State's comments did not refer to Killian's failure to testify. Killian argues that the comments were a "clear reference to [Killian's] failure to take the stand." However, the State asserted only that none of the testimony presented at trial called into question the truthfulness of Williams's testimony. Taking the context in which the comments were made into consideration, the State did not suggest that Killian had not testified. The State never referred to Killian and simply noted that none of the testimony from Williams, or anyone else, had called into question Williams's credibility. This is not an improper comment directed toward Killian's failure to testify.

Affirmed.

BIRD and BAKER, JJ., agree.