DAVID M. GLOVER, Judge
Bruce Sampson was convicted of three counts of Class D felony aggravated assault with a firearm pursuant to Arkansas Code Annotated section 5-13-204(a)(2) and sentenced to a total of thirty months' imprisonment. On appeal, he argues (1) the circuit court erred in not declaring a mistrial; (2) there was insufficient evidence to support his convictions for aggravated assault; (3) the State failed to disprove his defense of justification; and (4) the third exception to the contemporaneous-objection rule found in Wicks v. State , 270 Ark. 781, 606 S.W.2d 366 (1980), is applicable to three alleged trial errors-an erroneous jury instruction was given, the officers exceeded their authority in their encounter with Sampson in violation of Rule 2.2 of the Arkansas Rules of Criminal Procedure and violated his Fourth Amendment rights, and the affirmative defense of entrapment was supported by the evidence presented at trial. We affirm.
On October 13, 2016, Sebastian County Sheriff deputies Mark Harris and Daniel Bazar, along with Mansfield Police Department officer Brad Schmitt, were dispatched to investigate a report of Sampson allegedly shooting his neighbor's dog because the dog had attacked his rabbits. The officers approached Sampson's residence to speak with him about the incident and to ask him not to shoot toward his neighbor's house. What occurred after the officers arrived at Sampson's house is disputed. The officers approached the house by knocking on the carport door instead of the front door. The officers testified the lights went off in the house after the first knock, but Sampson testified he turned the lights on when he heard the knock. The officers' testimony was that they shined their flashlights at the door to illuminate the area for their safety and did not turn them off when Sampson came to the door and told them to do so. Sampson's testimony was that he did not know who was at the door, even though the officers had *583 identified themselves; he stated he did not know if it was an officer or a person who was lying about his identity. According to the officers, Sampson was agitated and was hiding the right side of his body behind the door frame; because the officers could not see Sampson's hands, and because there had been a report that Sampson had recently been firing a gun, the officers asked Sampson to show them his hands. The testimony of the officers was that Sampson pulled his rifle out and swung it across all three of them, placed it in his arms, and the officers then drew their firearms. Sampson's testimony was that while he did deliberately point his operable, loaded .22 rifle at the three officers, the safety was on, and he pointed his gun at them only after the officers drew their guns on him.
Sufficiency of the Evidence
Although Sampson challenges the sufficiency of the evidence in his second and third points on appeal, preservation of an appellant's right to be free from double jeopardy requires a review of the sufficiency of the evidence before a review of trial errors. Campbell v. State , 2017 Ark. App. 59, 512 S.W.3d 663. Our test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial. Wells v. State , 2017 Ark. App. 174, 518 S.W.3d 106. Evidence is substantial if it is of sufficient force and character to compel reasonable minds to reach a conclusion and pass beyond suspicion and conjecture. Id. On appeal, the evidence is viewed in the light most favorable to the State; only evidence supporting the verdict is considered. McCastle v. State , 2012 Ark. App. 162, 392 S.W.3d 369. Weighing the evidence, reconciling conflicts in testimony, and assessing credibility are all matters exclusively for the trier of fact. Holland v. State , 2017 Ark. App. 49, 510 S.W.3d 311.
On appeal, Sampson argues there was insufficient evidence to support his aggravated-assault convictions. A person commits aggravated assault if, under circumstances manifesting extreme indifference to the value of human life, he or she purposely displays a firearm in such a manner that creates a substantial danger of death or serious physical injury to another person. Ark. Code Ann. § 5-13-204(a)(2) (Repl. 2013). Sampson further argues he was acting in self-defense, and the provisions of section 5-13-204 do not apply to a person acting in self-defense or the defense of a third party. Ark. Code Ann. § 5-13-204(c)(2). Justification becomes a defense when any evidence tending to support its existence is offered, and once raised, it becomes an element that must be disproved by the State beyond a reasonable doubt. Green v. State , 2011 Ark. App. 700, 2011 WL 5562803. The circuit court instructed the jury on justification. Sampson contends the State failed to disprove his justification defense beyond a reasonable doubt. Neither of these sufficiency arguments is preserved for appellate review.
In a jury trial, a motion for directed verdict shall be made at the close of the State's evidence and at the close of all the evidence; the motion shall state the specific grounds on which it is being made. Ark. R. Crim. P. 33.1(a) (2017). The failure to challenge the sufficiency of the evidence in the manner required in subsection (a) constitutes a waiver of any question pertaining to the sufficiency of the evidence to support the verdict. Ark. R. Crim. P. 33.1(c).
At the close of the State's evidence, the following colloquy occurred:
APPELLANT'S ATTORNEY : Your Honor, I don't believe the State has met its burden of proof in this case. We move *584 for a directed verdict based on lack of evidence. The elements of the offense in this case are that the police officers have to believe that they are in a position of imminent threat of serious physical injury or death as a result of my client pulling a firearm on them. And had that been the case, then I believe under these circumstances that they would have used deadly force against Mr. Sampson had they thought they were going to be shot.
PROSECUTOR : Just to clarify, that's not what the law says. The officers don't have to believe anything.
APPELLANT'S ATTORNEY : That they are under circumstances manifesting substantial indifference to the value of human life.
The circuit court denied Sampson's directed-verdict motion. At the close of all the evidence, Sampson's attorney renewed "all previous motions in the same verbiage in which they were made on the same factual basis in which they were made." The circuit court again denied the motion.
On appeal, Sampson argues he was in his home, he did not show his gun until ordered to do so by the officers, he did not point the gun directly at the officers until they pointed their weapons at him, and he did not aim to shoot at law enforcement and had no intention of doing so. Sampson further argues he was justified in defending himself against officers while in his own home after the officers drew their weapons, and the State failed to disprove such justification beyond a reasonable doubt. Neither of these arguments is the argument Sampson made to the circuit court in his directed-verdict motions. Arguments not raised at trial will not be addressed for the first time on appeal, and parties cannot change the grounds for an objection on appeal, but are bound by the scope and nature of the objections and arguments presented at trial. Lindsey v. State , 2017 Ark. App. 675, 536 S.W.3d 163. Because Sampson failed to raise the arguments he makes on appeal to the circuit court, his sufficiency arguments are not preserved for our review.
Mistrial
Sampson next argues that the circuit court erred in not declaring a mistrial during the voir dire of prospective jurors when the court asked if anyone knew any witnesses listed by the State. Mrs. Laticia Spells stated she knew one of the witnesses through her husband, who was the police chief, and she "really [didn't] think [she] could be impartial with this situation given what happened last year." The circuit court dismissed Spells from serving on the jury due to the nature of her husband's employment. Sampson moved for a mistrial, arguing he could not have a fair trial given the press exposure of the "Cooper" case[1] and Spells's statement irrevocably tainted the jury to such a degree that no cautionary instruction would cure the taint.[2] The State responded *585 that Spells did not say what she was referring to, simply that she had read something that made her believe she could not be an impartial juror in this case. In denying Sampson's motion for a mistrial, the circuit court stated it would give an appropriate instruction at some point but would not do so at that time because it would call more attention to the issue. Sampson renewed his request for a mistrial before opening statements were made; the circuit court again denied the request, noting Spells did not mention Cooper by name. Sampson again renewed his request for a mistrial at the close of the State's case; in denying the request again, the circuit court noted it had immediately excused juror Spells for cause and had offered to make any sort of cautionary instruction should Sampson request it. Sampson did not request the circuit court to admonish the jury or give a cautionary instruction.
A mistrial is an extreme and drastic remedy that will be resorted to only when there has been an error so prejudicial that justice cannot be served by continuing with the trial or when the fundamental fairness of the trial has been manifestly affected. McLaughlin v. State , 2013 Ark. App. 26, 2013 WL 244444. The decision to grant a mistrial is within the sound discretion of the circuit court and will not be overturned absent a showing of abuse or manifest prejudice to the appellant. Lewis v. State , 2012 Ark. App. 184, 396 S.W.3d 775. Declaring a mistrial is proper only when the error is beyond repair and cannot be corrected by any curative relief; the circuit court is in the best position to evaluate the impact of any alleged errors. McClinton v. State , 2015 Ark. 245, 464 S.W.3d 913. Among the factors considered by this court on appeal in determining whether a circuit court abused its discretion in denying a mistrial motion are whether the prosecutor deliberately induced a prejudicial response and whether an admonition to the jury could have cured any resulting prejudice. McLaughlin, supra.
In support of his argument, Sampson cites Meny v. State , 314 Ark. 158, 861 S.W.2d 303 (1993), a case in which the defendant was convicted of three counts of rape, one count of kidnapping, and one count of attempted capital-felony murder of an eighteen-year-old male. In that case, a prospective juror told the prosecutor during voir dire that everyone had heard about and read newspaper accounts of the incident. Defense counsel moved for a mistrial on the basis that the prospective juror's comment had tainted the jury panel. The circuit court denied the motion, and the State asked the prospective jurors if they had read anything about the case and formed any opinions as to the guilt or innocence of Meny; no one said they had formed such an opinion. The State further inquired whether the prospective jurors could set aside what they had seen or heard and base their decision solely on the testimony at trial; all of the prospective jurors agreed they could do so. On appeal, Meny argued that it was error for the circuit court not to grant a mistrial; our supreme court disagreed and affirmed the circuit court's denial of Meny's motion for mistrial.
Sampson argues to this court that in his case the reason for the request for mistrial was not based on his alleged crime, but rather on the fact that two months before to the incident at his house, a sheriff's deputy, Bill Cooper, was shot while responding to a disturbance call.[3] Sampson contends the press surrounding the death *586 of a law-enforcement officer while responding to a disturbance call at a private residence two months before the incident at his house should have been inquired about during voir dire, and prospective jurors should have been asked whether they could set aside any preconceptions of what they had seen or heard about Cooper's death. Sampson argues there was no showing that the prospective jurors could set aside Mrs. Spells's comment, and the circuit court and the State "assumed it would be better to not address it and look the other way." Sampson asserts that because the circuit court and the State did not show that the prospective jurors could set aside the comment, it was error for the circuit court to refuse to grant a mistrial "when it did not cure any prejudice by issuing a jury admonishment to disregard the remark or otherwise show that the prospective jurors could set aside the comment and base their decisions on the testimony at trial."
We disagree with Sampson's contention that the circuit court erred in denying his motion for mistrial. In Meny , the comment made was regarding the case being tried. In the present case, Mrs. Spells's comment did not identify the situation to which she was referring-it was a vague reference to "what happened last year," which gave other prospective jurors no indication to what she was referring. Furthermore, the circuit court dismissed Mrs. Spells for cause due to her husband's position as police chief, which eliminated her as a potential juror. And to the extent Sampson complains of the circuit court's failure to cure any prejudice by issuing an admonishment to the jury, Sampson did not ask for such an admonishment to be given, even though the circuit court offered to do so if requested. The party objecting to the statement bears the burden of requesting an admonition sufficient to cure the prejudice. McLaughlin, supra. The failure to give an admonition or cautionary instruction is not error where none is requested. Lewis, supra. We affirm the circuit court's denial of Sampson's request for mistrial.
Wicks Exception
In his last point on appeal, Sampson argues that, although he made no objection, there were three errors in his trial that should still be addressed on appeal pursuant to the third exception to the contemporaneous-objection rule enumerated in Wicks v. State, supra ,which "relates to the trial court's duty to intervene, without an objection, and correct a serious error either by an admonition to the jury or by ordering a mistrial." Wicks , 270 Ark. at 786, 606 S.W.2d at 369. Specifically, Sampson argues (1) the circuit court gave the incorrect jury instruction on justification, giving AMI Crim. 2d 708 (Use of Physical Force in Making an Arrest or Preventing an Escape) instead of AMI Crim. 2d 705 (Use of Deadly Physical Force in Defense of a Person); (2) the officers exceeded their authority in their encounter with him in violation of Rule 2.2 of the Arkansas Rules of Criminal Procedure and violated his Fourth Amendment right to be free of unreasonable searches and seizures when they did not obtain a search warrant to search for the gun allegedly used by him to shoot his neighbor's dog before coming to his house to speak with him; and (3) the affirmative defense of entrapment was supported by the evidence presented at trial and the circuit court allowed the jury to believe the officers had a right to arrest Sampson when, in fact, the officers were the ones who induced the crime by insisting Sampson show them his hands while he had the gun in his hands. The third Wicks exception is not applicable to any of Sampson's arguments.
*587 Wicks presents narrow exceptions that are to be only rarely applied; our appellate courts have allowed issues to be considered under the third Wicks exception only when the error affects the very structure of the criminal trial. Jones v. State , 2017 Ark. App. 286, 524 S.W.3d 1. This exception has been applied in cases involving the right to a twelve-person jury, violations of Arkansas Code Annotated section 16-89-125(e), and a prosecutor's statements during voir dire that have the effect of shifting the burden of proof. Id.Sampson's arguments on appeal fit into none of these categories. In Halliday v. State , 2011 Ark. App. 544, 386 S.W.3d 51, our court declined to extend the third Wicks exception to the giving of an erroneous jury instruction, noting that the circuit court gave the jury instructions that it, and the parties, deemed to be correct. Likewise, our court has also held that failure to object to suppression-of-evidence issues is not the type of error contemplated to be exempt under Wicks from the contemporaneous-objection requirement. Camacho-Mendoza v. State , 2009 Ark. App. 597, 330 S.W.3d 46. Lastly, our supreme court has rejected Wicks as a basis to argue an affirmative defense on appeal when the defendant failed to preserve the argument at trial. Se e.g. , Marcyniuk v. State , 2010 Ark. 257, at 12 n.2, 373 S.W.3d 243, 252 n.2. Because the third Wicks exceptions not apply to these arguments, and Sampson failed to make contemporaneous objections at trial on these issues, they are not preserved for appellate review. Chunestudy v. State , 2012 Ark. 222, 408 S.W.3d 55.
Affirmed.
Abramson and Murphy, JJ., agree.

Sampson's counsel made reference to the Cooper case, not Mrs. Spells; no elaboration was made regarding the facts of that case.

In his brief, Sampson attempts to append to his mistrial argument the fact that the prosecutor told the jurors in closing arguments that they were the "conscience" and the "protectors" of the community. Although Sampson objected to those characterizations and asked that the jury be instructed to disregard those statements, and for which the circuit court allowed Sampson to address the comments in his closing argument, those statements were not made in connection with the incident for which the motion for mistrial was made-during voir dire of prospective jurors before the commencement of trial.

The details of the Cooper case were not expounded upon at trial, but Sampson discusses in some detail the events surrounding that case in his brief on appeal, and we must discuss that event in order to address his argument on appeal.