ROBERT J. GLADWIN, Judge
Appellant Michael Walker appeals his convictions on charges of rape and sexual indecency with a minor for which he was sentenced to a total of forty-six years in the Arkansas Department of Correction. He argues that the circuit court erred in (1) denying his motion for a directed verdict because the State did not prove that the allegations occurred during the years alleged in the amended criminal information; (2) not allowing three witnesses to give their opinion testimony regarding the character for untruthfulness of the victim, pursuant to Arkansas Rule of Evidence 608 (2018); and (3) denying his motion for a mistrial. We affirm.
I. Facts and Procedural History
The offenses that were the bases for these charges were alleged to have occurred between 2004 and 2007 when the victim, appellant's nephew, C.R., was "around five or six," and again when C.R. was "six or seven." C.R. remained silent for many years because appellant told C.R. that if he ever said anything he would kill him.
The allegations came to light on August 6, 2015, after appellant punched C.R., and C.R. then telephoned police. Police arrived at the home appellant was sharing with his sister and C.R., but by that time, appellant had fled. The assistance of the United States Marshals was required to locate and apprehend appellant after he fled the state of Arkansas and texted his sister, Evannah Graves, that he had a gun and would kill police attempting to apprehend him.
Appellant was apprehended on September 15, 2015, and extradited from Oklahoma to Miller County, Arkansas. On September 30, 2015, appellant spoke to Investigator Patsy Dehart with the Miller County Sheriff's Department. At that time, appellant admitted to behaviors against C.R. that were consistent with C.R.'s allegations that formed the bases for the above-described charges. It is undisputed that appellant was over eighteen at the time of the incidents. Due to the passage of time, there was no physical evidence, and there were no eyewitnesses.
During trial, appellant attempted to introduce opinion testimony under Rule 608(a) regarding C.R.'s character for untruthfulness from C.R.'s mother, Davida Stewart; C.R.'s brother, Jonathon Walker; and C.R.'s aunt, Evannah Graves. After discussion and a proffer from each of the proposed witnesses, the circuit court allowed testimony as to C.R.'s character for untruthfulness, in the form of reputation evidence, only from Jonathon. Jonathon testified that he told appellant in a phone call that if C.R. went "through with this ... [he was] beating the f* * * out of him." Jonathon continued by saying that C.R. knew the truth and that if he did not do *73 the right thing when he testified, he would "whip his ass." In addition, Jonathon testified that C.R.'s reputation is that he is "untruthful." Although not allowed to testify regarding C.R.'s character for untruthfulness, Stewart did unequivocally testify that she was backing appellant at trial and was "not backing her son here today."
On rebuttal, the State recalled Investigator Dehart, who testified that C.R.'s mother cooperated in the investigation to locate appellant after he fled from Arkansas. In response to the question from the State, "[S]o she helped you as much as possible in finding [appellant?]" Investigator Dehart replied, "She gave us the names of other victims as well." Appellant moved for the statement to be struck, and the circuit court immediately informed the jury accordingly. Appellant's counsel approached the bench and requested a mistrial. After discussion, the circuit court indicated that it would admonish the jury and that during the admonishment, it would "look and see if there is any particular response from any juror that gives the court pause." The admonition read:
All right, ladies and gentlemen of the jury, in the last session when there was a question and answer session by the State with the witness Patsy Dehart, Ms. Dehart gave an unsolicited comment that was made in her testimony. And the Court is admonishing you that you will disregard the statement, okay, and it can play no role in your understanding and deliberations in this case, okay. Is there anyone who is unable to do that? That's not a right or wrong answer, but if you are unable to do that then we need to know that right now, okay. Is there anyone who is unable to do that?
No jury member indicated an inability to follow the admonition, and the trial proceeded.
Appellant was convicted of rape by a jury and sentenced to forty years, as well as sexual indecency with a child and sentenced to six years, with the sentences to be served consecutively pursuant to a sentencing order filed on February 8, 2018. He filed a timely notice of appeal on February 28, 2018.
II. Discussion
A. Sufficiency of the Evidence
Although it is his last point on appeal, because of double-jeopardy concerns, we must address appellant's sufficiency-of-the-evidence challenge first. Merchant v. State , 2017 Ark. App. 576, 532 S.W.3d 136. According to the amended criminal information, the alleged crimes occurred during the specific years of 2005 and 2007. At trial, appellant moved for a directed verdict at the close of the State's case and at the close of all the evidence as follows:
The Count 1 sets forth that during the years 2005 and 2007 in Miller County, Arkansas Defendant did unlawfully engage in sexual intercourse or deviate sexual activity although there's been, with an individual less than fourteen years of age. Your Honor, there's been testimony of no sexual intercourse, however there is testimony regarding deviate sexual activity, but how it was not stated with specificity when that occurred. So, in light of that fact, Your Honor, I would argue that there should be a directed verdict in this case because there's no evidence presented by the State that this instance occurred in 2005 and 2007.
Additionally, Your Honor, under Count 2, again although there's been an allegation made it doesn't state when it was made. Specifically, the criminal information specifies during the years of 2004 and 2007. There's no evidence of when these instances occurred. There *74 was never, the only testimony about these occurrences came from the victim and he was unable by his own admission to reiterate to the Court or to the jury when these occurred.
Without evidence of when these instances of sexual indecency occurred or in the other case Count 1, when the deviate sexual activity occurred, they have failed to meet their burden in conformity with the information. In light of that fact, Your Honor, I would ask that the Court grant a directed verdict in this case because the State has not met their burden.
A directed-verdict motion is a challenge to the sufficiency of the evidence. Merchant , 2017 Ark. App. 576, at 2-3, 532 S.W.3d at 138. Our test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence. Id. Evidence is substantial if it is of sufficient force and character to compel reasonable minds to reach a conclusion and pass beyond suspicion and conjecture. Id. On appeal, the evidence is viewed in the light most favorable to the State, and only the evidence supporting the verdict is considered. Id.
The substance of appellant's argument is that the State is required to prove all allegations contained in the amended criminal information; however, appellant concedes that the specific date or time when the crime occurred is not an element of the offenses charged. Accordingly, the circuit court's denial of appellant's motion for directed verdict was not erroneous. See Williams v. State , 331 Ark. 263, 268, 962 S.W.2d 329, 331 (1998) (holding that an information or other charging instrument is not defective if it sufficiently apprises the defendant of the specific crime with which he is charged to the extent necessary to enable him to prepare a defense). A variance between the wording of an indictment or information and the proof at trial does not warrant reversal unless the variance prejudices the substantial rights of the defendant. Johnson v. State , 55 Ark. App. 117, 932 S.W.2d 347 (1996). The record before us indicates that trial counsel failed to articulate how the variance between the dates alleged in the amended criminal information and the proof at trial prejudiced the ability of appellant to defend the case. Moreover, counsel concedes that this issue was not sufficiently preserved for appeal; accordingly, we affirm.
B. Refusal of Opinion Testimony Regarding Victim's Character for Untruthfulness
Appellant submits that the circuit court's misinterpretation of Arkansas Rule of Evidence 608 resulted in the erroneous decision to exclude opinion evidence regarding C.R.'s character for untruthfulness. Rule 608 provides:
(a) Opinion and Reputation Evidence of Character. The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise.
(b) Specific Instances of Conduct. Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning his character for *75 truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.
Appellant claims that there seemed to be confusion regarding the difference between admitting testimony regarding a witness's personal opinion about another witness having a character for untruthfulness versus evidence of the reputation in the community. The circuit court seemed to be requiring each witness to demonstrate that they were familiar with C.R.'s reputation in the community, but nothing in Rule 608 requires a person to be a member of a community in order to give an opinion concerning a witness's character for untruthfulness. The circuit court stated:
There is probably only one case and I cited it yesterday and it's Urquhart [v. State , 30 Ark. App. 63, 782 S.W.2d 591 (1990),] where you are allowed to specifically impeach as to a person through truthfulness. I think you have one of the elements here[,] which this is a case wherein the credibility of a particular witness, and this witness the complaining party, is very significant and important.
However, I think what you lack is that you do not have, as was in the Urquhart case, a good-faith documented basis other than this person's opinion. It is not the opinion of the community that the witness is or has an untruthful reputation. Certainly, the witness could testify that in her experience through talking to people she has formed that opinion based upon information from other individuals, not her own particular information.
So, for those reasons I am not going to allow you to inquire regarding that critical credibility, okay.
To clarify the court's ruling, counsel for appellant asked,
MR. ANDERSON : So, if I'm understanding, I can ask her if she's familiar with his character and reputation in the community?
THE COURT : Yes.
MR. ANDERSON : But I can't ask her if she has specific experience?
THE COURT : Right.
In essence, the circuit court construed Rule 608 as an exclusion of a witness's personal opinion about C.R.'s character for untruthfulness. Counsel for appellant proffered the testimony of three witnesses who sought to testify about their opinions as to the character for untruthfulness of the victim, C.R.
During a proffer of expected testimony of C.R.'s mother, Ms. Stewart, she testified, "I'm familiar with his character for truthfulness. My knowledge of his character in the community for truthfulness, is not so truthfulness. I also have a personal opinion from my experience as his mother of whether or not he can be believed. My opinion is that he can't be believed all the time. He has a tendency to tell lies." The court precluded Ms. Stewart from testifying about her personal opinion on C.R.'s character for untruthfulness.
C.R.'s brother, Jonathon, also testified on proffer that he was familiar with C.R.'s reputation in the community for truthfulness. He testified, "I have an opinion whether he is truthful. Yes, that opinion is based on my personal experiences with him. Yes, my time spent with him, being my brother, and growing up with him. My opinion is that he's not very truthful at all. Yes, it is my opinion that he cannot be believed. Yes, particularly on issues of the gravity of this." The circuit court excluded the opinion of Jonathon regarding C.R.'s character for untruthfulness, and he was *76 allowed to testify only about his knowledge of C.R.'s reputation for untruthfulness in the community.
The third witness who was expected to testify about her opinion as to C.R.'s reputation for untruthfulness was Ms. Graves, who is C.R.'s aunt and appellant's sister. Ms. Graves testified on proffer that she did not have any knowledge as to his reputation in the community for truthfulness; however, she testified that she did have personal knowledge. She said, "I have personal knowledge. He lies to his friends and girlfriends. I know he lies to girlfriends because he lived with me for about six months, so I saw how he would lie. I have personal observation of him lying. Yes, his girlfriends have expressed to me that he had lied to them. Gara, I'm not sure of her last name. And Bree." The circuit court ruled that Ms. Graves could not testify regarding her opinion or knowledge of reputation for untruthfulness of C.R.
Appellant urges that the circuit court's decision to exclude the personal opinion of each witness as to C.R.'s character for untruthfulness was an abuse of discretion. He notes that C.R.'s credibility was the main issue in this case involving rape and sexual indecency with a child because there was no physical evidence or eyewitness testimony.
We find merit in appellant's argument that he was improperly prohibited from introducing opinion evidence under Rule 608(a) as to C.R.'s character for untruthfulness from his mother, brother, and aunt; however, we hold that the ruling by the circuit court constitutes harmless error under the specific facts of this case. See Garis v. Massey , 270 Ark. 646, 652, 606 S.W.2d 109, 112 (1980) (recognizing that improper exclusion of opinion evidence under Rule 608(a) can be harmless error).
First, the opinion evidence about C.R.'s character for untruthfulness likely would not have changed the outcome of the trial because appellant admitted to police that he engaged in behavior toward C.R. that supports the charges against him. Further, this admission by appellant was factually consistent with the allegations provided by C.R.
Also, appellant fled from Arkansas as law-enforcement officers responded to the report made by C.R. It took several law-enforcement agencies more than a month to locate and apprehend him. See Bailey v. State , 2016 Ark. App. 209, at 5, 489 S.W.3d 203, 206 (noting that the jury may consider evidence of flight as probative evidence of guilt).
Finally, an evidentiary error is harmless if the same or similar evidence is otherwise introduced at trial. Scamardo v. State , 2012 Ark. App. 78, 2012 WL 206952. Although C.R.'s mother and brother were not permitted to offer their opinions about C.R.'s character for untruthfulness, they were able to give their respective views on the issue through different testimony. Ms. Stewart testified that she did not support her son in his accusations against appellant, who was her brother. Likewise, Jonathon testified that he believed appellant and was going to "whip [C.R.'s] ass" if he did not "tell the truth" at trial. Furthermore, Jonathon testified that C.R.'s reputation was "that he is untruthful." Although C.R.'s aunt, Ms. Graves, did not offer any testimony regarding C.R.'s character for untruthfulness, her testimony on the issue would have been cumulative to that of Ms. Stewart and Jonathon.
We hold that appellant's admission, coupled with his undisputed flight, and the testimony of two witnesses, was enough to leave the jury with the firm impression that C.R. was not a truthful person and renders the circuit court's decision to exclude *77 opinion evidence under Rule 608(a) harmless.
III. Failure to Grant Mistrial
During the rebuttal testimony of Investigator Dehart, the following exchange occurred:
MS. ROBERTSON : So, [Ms. Stewart] helped you in -
INV. DEHART : Correct, she did.
MS. ROBERTSON : -as much as possible in finding [appellant]?
INV. DEHART : She gave us the names of other victims as well.
MR. ANDERSON : Objection, Your Honor.
MS. ROBERTSON : Pass the witness.
MR. ANDERSON : Your Honor, that statement should be stricken.
THE COURT : The statement will be stricken from the record.
MR. ANDERSON : Your Honor, I'd like to make another motion outside the presence of the jury. I hate to do it, but I have to.
(Proceedings outside the presence of the jury.)
THE COURT : You may step down Ms. Patsy.
MR. ANDERSON : May I speak, Your Honor?
THE COURT : Outside the presence of the jury, yeah, right here.
MR. ANDERSON : Your Honor, I've been down this road before where a witness said the same thing. This time I have to move for a mistrial. She has brought in testimony of other alleged victims in front of the jury. Now the jury has it in their minds there's other victims. At this point I have to move for a mistrial.
The circuit court denied appellant's motion for a mistrial. The decision to grant or deny a motion for mistrial is within the sound discretion of the circuit court and will not be overturned absent a showing of abuse or manifest prejudice to the appellant. See Blanks v. State , 2018 Ark. App. 495, 562 S.W.3d 865. A mistrial is a drastic remedy and should be declared only when there is error so prejudicial that justice cannot be served by continuing the trial, and when it cannot be cured by an instruction to the jury. E.g. , Miller v. State , 2018 Ark. App. 614, 567 S.W.3d 68. Whether an admonition was requested and given, or requested and refused, are relevant factors, though not necessarily definitive in reaching that conclusion. Coger v. State , 2017 Ark. App. 466, 529 S.W.3d 640.
Appellant submits that evidence of other crimes has long been considered the type that has no place in a trial. See Green v. State , 365 Ark. 478, 231 S.W.3d 638 (2006) ; see Ark. R. Evid. 404(b) (2018). In Lackey v. State , 283 Ark. 150, 152-53, 671 S.W.2d 757, 759 (1984), the Arkansas Supreme Court stated:
Since Alford v. State , 223 Ark. 330, 266 S.W.2d 804 (1954), we have consistently held that admission of such evidence is cause for a new trial. The admonition in this case was useless, the damage having been done. The mere mention of "friction" by the defense was no reason to allow this type of evidence before the jury. The circuit judge recognized that after the fact. The error can only be cured by a new trial.
(Citations omitted.) Appellant argues that likewise in his case, the evidence of other victims mentioned by Investigator Dehart during the guilt phase was extremely prejudicial and can be cured only by ordering a new trial. He maintains that in failing to do so, the circuit court abused its discretion.
*78 We note the State's response that the comment by Investigator Dehart that Ms. Stewart gave police "the names of other victims as well" was a brief remark that was neither repeated nor solicited by the State. See King v. State , 361 Ark. 402, 405, 206 S.W.3d 883, 885 (2005) (when reviewing a refusal to declare a mistrial the court considers whether the prosecutor deliberately induced a prejudicial response). Our review of the record before us indicates that the circuit court not only gave a proper admonition but also, while it was admonishing the jury, indicated that it would "look and see if there is any particular response from any juror that gives the court pause." Our supreme court has held that the circuit court is in a better position to determine the effect of the remark on the jury, see Williams v. State , 2011 Ark. 432, at 10, 385 S.W.3d 157, 164, and in this case, at the end of the admonition, the circuit court specifically asked the jurors whether any of them were unable to disregard the comment by Investigator Dehart. No juror indicated that he or she was unable to do so. Given the circuit court's admonition, close scrutiny of the jurors' reactions thereto, and the lack of an affirmative response from any juror when the circuit court specifically inquired about whether they were unable to follow its instruction to disregard the impromptu statement by Investigator Dehart, it is not apparent that justice was not served by the continuation of the trial. Accordingly, we hold that the circuit court's denial of appellant's motion for a mistrial was proper.
Affirmed.
Murphy and Brown, JJ., agree.