Cite as 2019 Ark. App. 541

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR–19–515

|  |  |  |
|---|---|---|
| GARLAND BUTLER | APPELLANT | **Opinion Delivered:** November 13, 2019 |
|  |  | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT [NO. 66FCR-18-657] |
| V. |  |  |
| STATE OF ARKANSAS | APPELLEE | HONORABLE JAMES O. COX, JUDGE |
|  |  | AFFIRMED |

## WAYMOND M. BROWN, Judge

A Sebastian County Circuit Court jury convicted appellant Garland Butler of three counts of possession of drug paraphernalia.[1]  He was sentenced by the court as a habitual offender to twenty-five years' imprisonment.[2]  He appeals his convictions and argues that the court erred when it failed to grant his motion for a mistrial.  We affirm.

Appellant does not challenge the sufficiency of the evidence, so only a brief recitation of the facts is necessary.  Appellant was arrested on May 20, 2018, after the car he was

---

[1]He was charged with four counts of drug paraphernalia, but the jury acquitted him of one of the charges.

[2]The court accepted the jury's recommendation that appellant be sentenced to twenty-five years' imprisonment for the first two counts and that he be sentenced to ten years' imprisonment for the third count as well as fined a total of $15,000; however, it declined the recommendation that appellant's sentences be served consecutively.

driving was stopped and searched by Officer Keith Shelby of the Fort Smith Police Department for facing the wrong way on the street.[3] Appellant did not own the car, but he consented to its search. Officer Shelby found a used meth pipe on the driver's side of the car, another one in the backseat floorboard, and two sets of digital scales with residue on them in a backpack located in the backseat of the car. Appellant admitted that the backpack belonged to him but denied ownership of the pipes. He was subsequently placed in custody. The backseat occupant, Donald Neal, was also arrested for possessing the pipe located near him. Once at the jail, appellant claimed ownership of all the items found in the car and stated that Neal knew nothing about them. Neal was then released. Appellant was charged as a habitual offender with four counts of possession of drug paraphernalia.

Appellant's jury trial took place on April 19, 2019. During rebuttal, the prosecutor stated the following:

> The evidence is clear in this case. And at this point, it's not relevant and you're not to consider why the defendant did what he did, or you know, if it makes sense that he would speed away over, you know, whatever reason. *We're not alleging that he behaves like a law-abiding citizen, you know. He is a criminal. He behaves like a criminal. He committed these crimes. And we have proven it.* This is really a Norman Rockwell painting, this case is so simple, and the defense is trying to make it seem like a Picasso or a Salvador Dali, which it isn't.
>
> So we ask you to go back there and be the conscience of the community, use your common sense and do what you promised to do, evaluate the evidence, follow the law, and do the right thing for Sebastian County. Thanks.

(Emphasis added.) Following this rebuttal, defense counsel asked to approach and moved for a mistrial alleging that the State implied appellant had prior convictions by referring to

---

[3]There was a brief chase in which appellant drove the car down an alley at a speed of 40 to 50 mph before stopping.

2

him as a criminal.[4] The court dismissed the jury and subsequently heard arguments regarding the defense's mistrial motion. It then stated the following:

> Well, the entire enterprise we are involved in here, it's the burden of the State to prove that Mr. Butler has committed a crime. And to characterize him as that in closing, you're right, I think it's prejudicial. I think it's derogatory. But does it rise to the level of something that needs to be a mistrial? I thought about it for a few seconds before I sent the jury out. And I think for me to try to do any kind of cautionary instruction would then bring something to their attention more than they've already probably thought about it, so I elected not to do that. But your motion for mistrial will be denied.

Appellant was found guilty of three of the four charges and sentenced to twenty-five years' imprisonment and fined $15,000. The sentencing order was filed on April 23, 2019. Appellant filed a timely notice of appeal on May 6. This appeal followed.

Appellant contends that the court erred by not granting his motion for a mistrial. More specifically, he maintains that the court erred when it failed to grant him a mistrial "based on the prejudicial and derogatory statement of the prosecutor in the closing remarks." However, this argument is not preserved. A motion for mistrial based on an improper closing argument must be made at the time the objectionable statement is made, rather than waiting until the end of the State's argument.[5] A mistrial motion that is based on improper argument is untimely when it is made after closing argument and out of the jury's presence.[6] Motions and objections must be made at the time the objectionable

---

[4]At issue is the above italicized text.

[5]*Killian v. State*, 96 Ark. App. 92, 238 S.W.3d 629 (2006).

[6]*Id.*

3

matter is brought to the jury's attention or they are otherwise waived.[7] Here, appellant failed to make any objection to the prosecutor's statement and waited until the prosecutor concluded before moving for a mistrial. Accordingly, appellant failed to move for a mistrial at the first opportunity, and his argument is not preserved for our review.[8]

Even if appellant had preserved his argument, the court did not abuse its discretion in denying the motion. A mistrial is an extreme and drastic remedy reserved only for when there has been an error so prejudicial that justice cannot be served by continuing with the trial or when the fundamental fairness of the trial has been manifestly affected.[9] The decision to grant a mistrial is within the sound discretion of the circuit court and will not be reversed absent a showing of abuse or manifest prejudice to the appellant.[10] Whether an admonition was requested and given, or requested and refused, are relevant factors, although not necessarily definitive in reaching a conclusion as to whether a mistrial should have been granted.[11] The circuit court is given broad discretion in controlling counsel in closing arguments, and the appellate courts will not interfere with that discretion absent a manifest abuse of that discretion.[12] Closing remarks requiring reversal are rare and require an appeal to the jurors' passions; the circuit court is in the best position to evaluate the potential for

---

[7]*Id.*

[8]*See Stockstill v. State*, 2017 Ark. App. 29, 511 S.W.3d 889.

[9]*Sampson v. State*, 2018 Ark. App. 160, 544 S.W.3d 580.

[10]*Id.*

[11]*Walker v. State*, 2019 Ark. App. 130, 571 S.W.3d 70.

[12]*Delatorre v. State*, 2015 Ark. App. 498, 471 S.W.3d 223.

4

prejudice based on the prosecutor's remarks.[13]  Where an attorney's comment during closing arguments is directly reflecting or inferable from testimony at trial, there is no error.[14]  Here, the testimony at trial revealed that appellant was guilty of possessing the drug paraphernalia found in the vehicle he was driving on May 20, 2018.  Thus, the prosecutor's statement that appellant was a "criminal" is both reflecting and inferable from the testimony and did not constitute error that warranted a mistrial.  Additionally, there is no evidence that appellant was prejudiced by the reference since the jury acquitted him of one of the charges and sentenced him to a prison term well below the maximum sentence he could have received as a habitual offender.

Affirmed.

GLADWIN and MURPHY, JJ., agree.

*Terry Goodwin Jones*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael L. Yarbrough*, Ass't Att'y Gen., for appellee.

---

[13]*Id.*

[14]*Hendrix v. State*, 2011 Ark. 122.